1  VORYS, SATER, SEYMOUR AND PEASE LLP
   Thomas N. McCormick (SBN 325537)
2  tnmccormick@vorys.com
   4675 MacArthur Court, Suite 700
3  Newport Beach, CA 92660
   Telephone: (949) 526-7903
4  Facsimile: (949) 526-7903

5  *Attorneys for Defendant Six Flags
   Entertainment Corporation*

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Leonard Tan and Lorenzo Miro San Diego, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>vs.<br><br>Six Flags Entertainment Corporation,<br><br>           Defendant. | Case No. **'24CV2271 BEN DEB**<br><br>State Court Case No. 24CU011145C<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>Complaint Filed: September 13, 2024<br><br>Trial Date: TBD |

# TABLE OF CONTENTS

PROCEDURAL HISTORY ............................................................................................1

STATEMENT OF JURISDICTION .............................................................................1

TIMELINESS OF REMOVAL .....................................................................................2

VENUE ..........................................................................................................................2

PROCEDURAL REQUIREMENTS .............................................................................2

DEFENSES ....................................................................................................................3

REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT ..........................3

    A.    Plaintiff's Action is Pled as a Class Action .......................................3

    B.    Numerosity ..........................................................................................3

    C.    Minimal Diversity ..............................................................................4

    D.    The Amount in Controversy Exceeds $5,000,000 .............................5

CONCLUSION .............................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) ........................6

*Blanks v. Seyfarth Shaw LLP* (2009) 171 Cal.App.4th 336 [89 Cal.Rptr.3d 710]..................................................................................................7

*Calleros v. Rural Metro of San Diego, Inc*, 2018 U.S. Dist. LEXIS 83548 (S.D. Cal. May 15, 2018)................................................................................4

*Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018) ..............................................................................................................8

*Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644 (9th Cir. 2016) ...........................................................................................................................6

*Greene v. Harley-Davidson, Inc.*, 965 F.3d 767 (9th Cir. 2020) ...........................6

*Hawkins v. Kroger Co.*, 337 F.R.D. 518 (S.D.Cal.2020).......................................8

*Hertz Corp. v. Friend*, 559 U.S. 77 (2010) ............................................................4

*Hicks v. Grimmway Enters.*, No. 22-CV-2038 JLS (DDL), 2023 U.S. Dist. LEXIS 81428 (S.D. Cal. May 9, 2023).................................................. 6, 8

*Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986*)* ..........................................................4

*Mondragon v. Capital One Auto Fin.*, 736 F.3d 880 (9th Cir. 2013) ....................4

*Petkevicius v. NBTY, Inc.*, No. 3:14-cv-02616-CAB-(RBB), 2017 U.S. Dist. LEXIS 43636 (S.D. Cal. Mar. 24, 2017) ......................................................5

*Stern v. RMG Sunset, Inc.*, No. 17-CV-1646 JLS (NLS), 2018 U.S. Dist. LEXIS 85021 (S.D. Cal. May 21, 2018) ............................................................6

**Statutes**

28 U.S.C. § 1332(c)(1) ............................................................................................4

28 U.S.C. § 1332(d)......................................................................................... 1, 5, 9

28 U.S.C. § 1332(d)(1)(B)........................................................................................3

28 U.S.C. § 1332(d)(2)(A) ................................................................................... 4, 5

28 U.S.C. § 1332(d)(5)(B)........................................................................................3

28 U.S.C. § 1441(a) ..................................................................................................2

28 U.S.C. § 1446 .................................................................................................. 1, 2

28 U.S.C. § 1446(a) .............................................................................................. 2, 5

ii

DEFENDANT'S NOTICE OF REMOVAL

28 U.S.C. § 1446(b) ................................................................................................ 2
28 U.S.C. § 1446(d) ............................................................................................. 1, 2
28 U.S.C. § 1453(b) ................................................................................................ 4
Cal. Bus. & Prof. Code § 17200 ............................................................................. 7
Cal. Bus. & Prof. Code § 17802 ............................................................................. 7
Cal. Civ. Code § 1780(e) ........................................................................................ 8
Cal. Civ. Code § 1783 ............................................................................................ 8
Cal. Code of Civ. Pro. § 338(d) .............................................................................. 7
Cal. Code of Civ. Pro. § 338(h) .............................................................................. 8
Cal. Code of Civ. Pro. § 382 .................................................................................. 3

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO LEONARD TAN AND LORENZO MIRO SAN DIEGO AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Six Flags Entertainment Corporation ("Six Flags" or "Defendant") hereby removes the above-captioned action from the Superior Court for the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d) and 1446.

As required by 28 U.S.C. § 1446(d), Six Flags will file in the Superior Court and serve upon Plaintiffs and their counsel of record a Notice to State Court of Removal of Civil Action to Federal Court (with these removal papers attached).

In support of this Notice of Removal, Six Flags states the following:

## PROCEDURAL HISTORY

1. Plaintiffs Leonard Tan and Lorenzo Miro San Diego ("Plaintiffs") filed their Complaint, captioned *Leonard Tan and Lorenzo Miro San Diego, on behalf of themselves and all others similarly situated, versus Six Flags Entertainment Corporation*, Case No. 24CU011145C, in the Superior Court for the State of California for the County of San Diego (the "State Court Action") on September 13, 2024. A true and correct copy of the Complaint, including the Proof of Service, is attached as **Exhibit 1** ("Complaint").

2. The Complaint was served via Notice of Acknowledgment and Receipt on Six Flags on November 5, 2024. See **Exhibit 1.**

3. An answer to the complaint was timely filed on December 4, 2024. See **Exhibit 2.**

## STATEMENT OF JURISDICTION

4. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under

federal or state law in which any member of a class of one hundred or more putative class members is a citizen of a state different from any defendant and the amount in controversy for the putative class members in the aggregate exceeds $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

5. CAFA applies to actions that were "commenced" on or after February 18, 2005. Because Plaintiff filed the State Court Action on September 13, 2024, it was "commenced" on or after February 18, 2005, and removal is proper under CAFA.

## TIMELINESS OF REMOVAL

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Six Flags is filing this Notice of Removal within thirty days after being served with the Complaint, which was served on November 5, 2024. *See* **Exhibit 1**.

## VENUE

7. Plaintiff originally filed this action in the Superior Court for the State of California, County of San Diego. Venue is thus proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action is pending.

## PROCEDURAL REQUIREMENTS

8. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Six Flags are attached to this Notice of Removal.[1] Pursuant to

---

[1] In conformity with the requirement of 28 U.S.C. § 1446(a) that copies of all process, pleadings and orders served upon the defendant in the State Court Action be included with this notice of removal, the State Court Action case file, other than those documents already attached as Exhibits 1 and 2, is attached as **Exhibit 3**.

1   28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Superior Court for the State of California, County of Diego.

## DEFENSES

9.  The removal of this action to the Southern District of California does not waive Defendant's ability to assert any defense in this action.

## REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

### A. Plaintiffs' Action is Pled as a Class Action

10. Under CAFA, "'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

11. The State Court Action has been styled as a class action, pursuant to California Code of Civil Procedure section 382. *See* Complaint, ¶ 55. Cal. Code of Civ. Pro. § 382 authorizes an action to be brought by one or more representative persons as a class action. *See* Cal. Code of Civ. Pro. § 382.

### B. Numerosity

12. Pursuant to 28 U.S.C. § 1332(d)(5)(B), district courts will have original jurisdiction over a class action case under CAFA if the number of members of the putative plaintiff class is not less than one hundred.

13. This requirement is met here. The putative class that Plaintiffs seek to represent is defined as:

> a. "All persons in the State of California who, during applicable statute of limitations, were charged additional fees over and above the ticket price by Six Flags." Complaint, ¶ 55.

14. As of June 30, 2024, Six Flags operated four regional theme and water parks in the state of California: Six Flags Discovery Kingdom in Vallejo, Six Flags Hurricane Harbor Concord in Concord, Six Flags Magic Mountain in Valencia,

and Six Flags Hurricane Harbor in Valencia.  *See* Declaration of Christopher Meyering ("Meyering Decl."), attached hereto as **Exhibit 4** at ¶ 4.

15. Plaintiff correctly alleges that the purported "Class Members are well into the thousands." Complaint, ¶ 58.

16. In fact, between September 14, 2020 and June 28, 2024, more than one million transactions involved the purchase of at least one ticket to Six Flags Magic Mountain, payment of a processing fee, and was associated with a zip code that is within the State of California, thus easily exceeding the minimum threshold of 100 purported class members *See* Meyering Decl., at ¶ 6.

17. Based on the allegations in the Complaint, and the Declaration of Christopher Meyering, the size of the class Plaintiffs seek to represent greatly exceeds one hundred individuals and is sufficient to meet CAFA's requirement for removal to federal court.

### C. Minimal Diversity

18. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b).  Minimal diversity of citizenship exists here between Plaintiffs and Six Flags.

19. Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 750-51 (9th Cir. 1986*); see also Mondragon v. Capital One Auto Fin*., 736 F.3d 880, 885 (9th Cir. 2013) (recognizing that the presumption from *Lew* "has been widely accepted"); *Calleros v. Rural Metro of San Diego, Inc*, 2018 U.S. Dist. LEXIS 83548, at *9 (S.D. Cal. May 15, 2018) (quoting *Mondragon*, collecting cases).

20. Plaintiffs allege that they are residents and citizens of the State of California. Complaint, ¶ 45, 50.  *See Lew*, at 797 F.2d 747, at 750 (holding plaintiff's current residence can establish domicile for the purpose of diversity

jurisdiction). Plaintiffs are therefore citizens of the State of California.

21. Six Flags is not a citizen of California. For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities.").

22. Six Flags is a corporation organized under the laws of the State of Delaware. Meyering Decl. at ¶ 9. On July 1, 2024, Six Flags completed a merger transaction that resulted in its principal executive offices to be located at 8701 Red Oak Boulevard, Charlotte, North Carolina. Meyering Decl. at ¶¶ 7-8; *see also* Complaint ¶ 16. For purposes of diversity jurisdiction, therefore, Six Flags is a citizen of Delaware and North Carolina.

23. Because Plaintiffs are citizens of a different state than Six Flags, minimal diversity exists for federal jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

**D.     The Amount in Controversy Exceeds $5,000,000**

24. This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

25. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

26. Plaintiffs' Complaint is silent as to the total amount in controversy. However, Plaintiffs' failure to specify the total damages or other monetary relief sought does not deprive this Court of jurisdiction. Rather, even if the Plaintiffs fail to plead a specific amount of damages, the "notice of removal need include only a

plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Petkevicius v. NBTY, Inc.*, No. 3:14-cv-02616-CAB-(RBB), 2017 U.S. Dist. LEXIS 43636, at *10 (S.D. Cal. Mar. 24, 2017) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014)).

27.  This burden is not onerous and a removing defendant's notice of removal "need not contain evidentiary submissions." *Hicks v. Grimmway Enters.*, No. 22-CV-2038 JLS (DDL), 2023 U.S. Dist. LEXIS 81428, at *25 (S.D. Cal. May 9, 2023) (citing *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019)). Rather, "the amount in controversy is the 'amount *at stake* in the underlying litigation,'" which does "not mean likely or probable liability; rather, it refers to possible liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).

28.  In determining the amount in controversy for CAFA, all potential damages or remedies based on the claims in the complaint, such as restitution, punitive damages (at a "reasonable ratio" with the underlying damages), and attorneys' fees, may be included where enabled by a statute. *Stern v. RMG Sunset, Inc.*, No. 17-CV-1646 JLS (NLS), 2018 U.S. Dist. LEXIS 85021, at *13 (S.D. Cal. May 21, 2018) (Defendants met the burden to show that plaintiff's claims for restitution, punitive damages (at a 1:1 ratio) and attorney's fees (at a 25% benchmark) under the CLRA exceeded the $5,000,000 threshold).

29.  Only if the Plaintiffs contest or the Court questions the allegations of the notice of removal, is supporting evidence required. *See Dart*, 574 U.S. 81, 89. Otherwise, "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 87.

30.  Courts have routinely allowed parties to refer to applicable sales data of goods from the relevant timeframe in question to serve as a basis for their

1  amount in controversy calculation. *See Hicks*, 2023 U.S. Dis. LEXIS 81428 at 27 (after plaintiffs challenged removal, defendant's use of sales figures from the relevant timeframe of the alleged harm was "credible evidence" to show that the value of goods sold exceeded the amount in controversy was for the calculations); *see also Stern v. RMG Sunset, Inc.*, 2018 U.S. Dist. LEXIS 85021, at *11-12 (S.D. Cal. May 21, 2018).

31.  Here, Plaintiffs seek to recover for themselves, and on behalf of a putative class of consumers, statutory damages, restitution damages, pre- and post-judgment interest, punitive damages, and attorneys' fees and costs. Complaint, Prayer for Relief, 18-19.

32.  More specifically, Plaintiffs allege that Six Flags unlawfully included "Processing Fees" and "City Fees" into the price, and now seeks recovery of all of those fees. This specifically includes, "disgorgement of all wrongfully obtained fees," "restitution of the money wrongfully acquired by Defendant" and "actual, punitive and statutory damages." ¶¶ 70, 94, and 101.

33.  Plaintiffs have failed to specify a period of time for the purported class which they seek to represent, stating only that "during the applicable statute of limitations," the class was "charged additional fees over and above the ticket price by Six Flags." Complaint, ¶ 55. Plaintiffs allege Six Flags "committed unfair and fraudulent business practices in violation of Plaintiffs claim statutory damages in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, [the "UCL"] by affirmatively and knowingly misrepresenting that [*sic*] the presence and nature of its Processing Fees and Fees." *Id.*, ¶ 78. The limitations period for claims under the UCL is four years. Bus. & Prof. Code § 17802; *Blanks v. Seyfarth Shaw LLP* (2009) 171 Cal.App.4th 336, 364 [89 Cal.Rptr.3d 710]. The UCL claim is the

1  longest statutory period of the alleged claims.[2]  Accordingly, the relevant class
2  period for the purported class which Plaintiffs seek to represent is four years,
3  extending from September 13, 2020, to the date of the filing of the Complaint,
4  September 13, 2024.  *See* Complaint.

5        34.  The alleged disgorgement, restitution, and/or damages exceeds
6  $5,000,000.  Between September 14, 2020 and June 28, 2024, customers who
7  purchased at least one ticket to Six Flags Magic Mountain (just one of the four
8  parks that Six Flags operates in California) and provided a zip code that is within
9  the State of California paid more than seven million dollars in processing fees in
10 over one million transactions.[3]  *See* Meyering Decl., at ¶ 6.

11       35.  In addition, attorneys' fees must be included in the amount in
12 controversy assessment when they are recoverable by statute and are included in
13 the prayer for relief.  *Hicks*, 2023 U.S. Dis. LEXIS 81428, at 29-30 (*quoting Fritsch
14 v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).
15 Attorneys' fees have typically been assessed at a 25% multiplier by courts, though
16 "the Ninth Circuit declined to limit courts to using only a 25% multiplier in
17 calculating attorneys' fees for amount in controversy purposes." *Id*.  The CLRA,

---

[2] The other claims brought by Plaintiffs for unjust enrichment, violations of the California False Advertising Law ("FAL"), and violations of the Consumer Legal Remedies Act ("CLRA") all have three-year statutory limitations periods, and all rest on substantially similar claims based on the charging of "processing and city fees" to consumers.  *See* Complaint, ¶¶ 67, 92, 99; CCP § 338(d) (three-year limitation for unjust enrichment claims due to fraud or mistake); CCP § 338(h) (three-year limitation for FAL claims); Civ. Code, § 1783 (three-year limitation for CLRA claims).

[3] Six Flags provides the following calculations only to demonstrate that the amount in controversy exceeds $5,000,000.  Six Flags does not admit, and expressly denies, that Plaintiffs and/or the purported Class are entitled to any damages or recovery.

which the Plaintiffs allege that Six Flags violated, authorizes the award of attorneys' fees. *Hawkins v. Kroger Co.*, 337 F.R.D. 518, 532 (S.D.Cal.2020) (citing Cal. Civ. Code § 1780(e)). Calculation of these amounts would place the amount in controversy even higher. For example, 25% of the minimum of $7 Million in controversy adds an additional $1.75 Million to the total amount in controversy for an amount of no less than $8.75 million at just the Magic Mountain park without consideration of the other parks.

36. Last, the Complaint seeks punitive damages and injunctive relief. While neither of these remedies are appropriate given the facts of this case, they nevertheless further increase the amount in controversy for purposes of Removal under CAFA.

37. Although Six Flags specifically denies Plaintiffs' claims and denies Plaintiffs are entitled to recover any of the relief they seek, based upon the allegations in the Complaint and the scope of the relief sought therein, the amount in controversy exceeds the $5,000,000.00 jurisdictional threshold of 28 U.S.C. § 1332(d).

## CONCLUSION

Based on the foregoing, Six Flags respectfully removes the above-entitled action to federal court.

Dated: December 5, 2024         Respectfully submitted,

                                VORYS, SATER, SEYMOUR AND PEASE LLP


                                */s/ Thomas N. McCormick*
                                Thomas N. McCormick
                                Attorneys for Defendant
                                Six Flags Entertainment Corporation